UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOEL VENTURA, *individually and on behalf of others similarly situated*,<br><br>*Plaintiff,*<br><br>v.<br><br>PUTNAM GARDENS PARKING CORP., and JOHN GERASOVLIS,<br><br>*Defendants.* | **COMPLAINT AND JURY DEMAND**<br><br>**COLLECTIVE ACTION UNDER 29 U.S.C. § 216 (b)**<br><br>Civil Action No.<br><br>ECF CASE |

Plaintiff Joel Ventura individually and on behalf of others similarly situated by and through their attorneys, Law Offices of Michael K. Chong, LLC, upon his knowledge and belief, and as against Putnam Gardens Parking Corp. ("Defendant Corporation") and John Gerasovlis ("Individual Defendant"), (collectively, "Defendants") allege as follows:

## NATURE OF ACTION

1. Plaintiff is a former employee of Defendants Putnam Gardens Parking Corp. and John Gerasovlis.

2. At all relevant times, Defendants owned, operated, or controlled a parking garage located at 3815 Putnam Ave., Bronx, NY 10462 doing business under the name of Putnam Gardens Parking.

3. Upon information and belief, individual Defendant John Gerasovlis, is and\or was at all relevant times the owner, shareholder, officer, manager, principal, and\or agent of Defendant Corporation

4. Plaintiff was at all relevant times an employee of Defendants.

1

5. Plaintiff was at all relevant times employed as a parking garage attendant at the parking garage located at 3815 Putnam Avenue, Bronx, NY 10462.

6. At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate minimum wage, overtime, and spread of hours compensation for the hours he worked.

7. Defendants failed to maintain accurate recordkeeping of the hours worked by Plaintiff and failed to pay Plaintiff appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8. Defendants failed to pay Plaintiff the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9. Defendants failed to pay Plaintiff Ventura wages on a timely basis, making a partial payment to Plaintiff for weekly wages due, with the representation that the balance of the wages due to Plaintiff would be paid. Defendants failed to make payment of the balance of the wages due.

10. Defendants' conduct extended beyond Plaintiff to all other similarly situated employees.

11. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

12. Plaintiff now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the New York Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

13. Plaintiff seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff's state aw claims under 28 U.S.C. § 1367(a).

15. Venue is proper in the district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a parking garage located in this district. Further, Plaintiff was employed by Defendants in this district.

## PARTIES
*Plaintiff*

16. Plaintiff Joel Ventura ("Plaintiff Ventura" or "Mr. Ventura") is an adult individual residing in Bronx County, New York.

17. Plaintiff Ventura was employed by Defendants at Putnam Gardens Parking Corp. from approximately April 2008 until on or about April 16, 2019.

18. Plaintiff Ventura consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

19. At all relevant times, Defendants owned, operated, and\or controlled a parking garage located at 3815 Putnam Avenue, Bronx, NY 10462.

20. Upon information and belief, Putnam Gardens Parking Corp. is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintained its principle place of business at 3815 Putnam Avenue, Bronx, NY 10462.

21. Defendant John Gerasovlis is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant John Gerasovlis is sued individually in his capacity as owner, shareholder, officer, manager, principal, and\or agent of Defendant Corporation. Defendant John Gerasovlis possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controlled significant functions of Defendant Corporation. He determined the wages and compensation of the employees of Defendants, including Plaintiff, established schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants*

22. Defendants operated a parking garage located in the borough of the Bronx in New York.

23. Individual John Gerasovlis possessed operational control over Defendant Corporation, possessed ownership interests in Defendant Corporation, and controlled significant functions of Defendant Corporation.

24. Defendant Gerasovlis possessed substantial control over Plaintiff's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

25. Defendants had the power to hire and fire Plaintiff, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff's services.

26. Defendants had the power to hire and fire Plaintiff, controlled the terms and

4

conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff's services.

27. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

28. At all relevant times, Defendants were employers engaged in interstate commerce within the meaning of 29 U.S.C. § 203.

29. In each year from 2013 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

*Individual Plaintiff*

30. Plaintiff Ventura is a former employee of Defendants who was employed by Defendants as a parking garage attendant.

31. Plaintiff Ventura seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

32. Plaintiff Ventura was employed by Defendants from approximately April 2008 until on or about April 16, 2019.

33. Plaintiff Ventura's work duties required neither discretion nor independent judgement.

34. Throughout his employment with Defendants, Plaintiff Ventura regularly worked in excess of 40 hours per week.

35. From approximately April 2008 until on or about December 2014, Plaintiff Ventura worked from approximately 12:00 p.m. until 12:00 a.m. or 1:00 a.m., six (6) days a week with Sundays as his day off (typically 72 hours per week).

36. From approximately January 2015 until on or about April 16, 2019, Plaintiff Ventura worked from approximately 12:00 p.m. until 12:00 a.m. or 1:00 a.m., six (6) days a week with Thursdays as his day off (typically 72 hours per week).

37. Throughout his employment, Defendants paid Plaintiff Ventura his wages in cash.

38. From approximately April 2008 until on or about April 2010, Defendants paid Plaintiff Ventura approximately $8.00 per hour.

39. From approximately May 2010 until on or about December 2016, Defendants paid Plaintiff Ventura approximately $9.00 per hour.

40. From approximately January 2017 until on or about April 2019, Defendants paid Plaintiff Ventura approximately $10.00 per hour.

41. There were weeks throughout his employment, Defendants did not pay Plaintiff Ventura any wages for his work.

42. Furthermore, there were weeks throughout his employment, Defendants did not pay Plaintiff Ventura for all of his wages for his work.

43. Plaintiff Ventura's pay did not vary when he was required to stay later or work a longer day than his usual schedule.

44. For example, Defendants required Plaintiff Ventura to work additional hours after his scheduled departure time until the employee scheduled to relieve him of his duties would arrive for work.

45. Furthermore, Defendants required Plaintiff Ventura to work additional hours after his scheduled departure time during the winter months when it snowed until the employee scheduled to relieve him of his duties would arrive for work.

46. Plaintiff Ventura was not permitted to retain any portion of tips provided to him by customers on a daily or monthly basis.

47. Defendants never granted Plaintiff Ventura any breaks or meal periods of any kind.

48. Plaintiff Ventura was not required to keep track of his time, nor to his knowledge, did the Defendants utilize ant time tracking device such as punch cards, that accurately reflected his actual hours worked.

49. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Ventura regarding overtime and wages under the FLSA and NYLL.

50. Defendants did not provide Plaintiff Ventura an accurate statement of wages, as required by NYLL §195(3).

51. Defendants did not give any notice to Plaintiff Ventura, in English and in Spanish (Plaintiff Ventura's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

52. At all times relevant to this Complaint, Defendants willfully maintained a policy and practice of requiring Plaintiff Ventura (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

53. Plaintiff Ventura was a victim of Defendants' willful common policy and practices which violated his rights under the FLSA and New York Labor Law by, *inter alia,* not paying him the wages he was owed for the hours he worked.

54. Defendants' pay practices resulted in Plaintiff Ventura not receiving payment for all his hours worked, and resulted in Plaintiff Ventura's effective rate of pay falling below the required minimum wage rate.

55. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

56. Defendants paid Plaintiff Ventura his wages in cash.

57. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

58. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Ventura (and all similarly situated individuals) worked, and to avoid paying Plaintiff Ventura properly for his full hours worked.

59. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

60. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Ventura and other similarly situated former employees.

61. Defendants failed to provide Plaintiff Ventura and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, price, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rated of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL § 195(3).

62. Defendants failed to provide Plaintiff Ventura and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employee's primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; and "doing business as" names used by the employer; the physical address of the employer's main office or principle place of business, and a mailing address

if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

63. Plaintiff Ventura brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. §216(b), on behalf of all similarly situated persons (the "FLSA Collective members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Collective Period").

64. The class of eligible opt-in Plaintiffs consists of all persons who worked for Defendants as parking garage attendants at any time from three (3) years prior to the filing of this Complaint, to entry of judgment in this case (the "FLSA Collective" and "FLSA Collective Period," respectively).

65. At all relevant times, Plaintiff Ventura and other members of the FLSA Collective were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, the required overtime pay at one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, spread of hours pay, and willfully failing to keep records, as required under the FLSA. Therefore, notice should be sent to the FLSA Collective members as similarly situated employees would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in.

66. A collective action is superior to other methods for the fair and efficient adjudication of the controversy- particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

67. Plaintiff Ventura repeats and realleges all paragraphs above as though fully set forth herein.

68. Defendants in violation of 29 U.S.C. § 217(a)(1), failed to pay Plaintiff Ventura (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

69. Defendants' failure to pay Plaintiff Ventura (and the FLSA Class members), overtime was willful within the meaning of 29 U.S.C. § 255(a).

70. Plaintiff Ventura (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

71. Plaintiff Ventura repeats and realleges all paragraphs above as tough fully set forth herein.

72. At all times relevant to this action, Defendants were Plaintiff Ventura's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Ventura, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

73. Defendants, in violation of NYLL § 652 (1) and the supporting regulation of the New York State Department of Labor, paid Plaintiff Ventura less than the minimum wage.

74. Defendant's failure to pay Plaintiff Ventura the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

75. Plaintiff Ventura was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW

76. Plaintiff Ventura repeats and realleges all paragraphs above as though fully set forth herein.

77. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Ventura overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty (40) hours in a work week.

78. Defendants' failure to pay Plaintiff Ventura overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

79. Plaintiff Ventura was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR

80. Plaintiff Ventura repeats and realleges all paragraphs above as though fully set forth herein.

81. Defendants failed to pay Plaintiff Ventura one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Ventura's spread of hours exceeded ten hours in violation of NYLL §§ 650 *set seq.* and 12 N.Y.C.R.R. §§ 146-1.6.

82. Plaintiff Ventura was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

83. Plaintiff Ventura repeats and realleges all paragraphs above as though fully set forth herein.

84. Defendants failed to provide Plaintiff Ventura with a written notice, in English and Spanish (Plaintiff Ventura's primary language), containing: the rate or rates of pay and basis thereof,

whether paid by the hours, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principle place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

85. Defendants are liable to Plaintiff Ventura in the amount of %5,000, together with the costs and attorney's fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

86. Plaintiff Ventura repeats and realleges all paragraphs above as though fully set forth herein.

87. With each payment of wages, Defendants failed to provide Plaintiff Ventura with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claims as a part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime hours worked, as required by NYLL § 195(3).

88. Defendants are liable to Plaintiff Ventura in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS OF THE NEW YORK LABOR LAW

89. Plaintiff Ventura repeats and realleges all paragraphs above as though set forth fully herein.

90.     Defendants did not pay Plaintiff Ventura on a regular weekly basis in violation of NYLL § 191.

91.     Defendants are liable to Plaintiff Ventura in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Ventura respectfully requests that this Court enter judgment against Defendants by:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Ventura and the FLSA Class members;

(c) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Ventura's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Ventura and the FLSA Class members;

(e) Awarding Plaintiff Ventura and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff Ventura and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g) Declaring Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Ventura;

(h) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under the NYLL as to Plaintiff Ventura;

(i) Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Ventura;

(j) Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Ventura;

(k) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Ventura's compensation, hours, wages and any deductions or credits taken against wages;

(l) Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Ventura;

(m) Awarding Plaintiff Ventura damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

(n) Awarding Plaintiff Ventura damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§ 198(1-b), 198 (1-d);

(o) Awarding Plaintiff Ventura liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damaged pursuant to NYLL § 198(3);

(p) Awarding Plaintiff Ventura and the FLSA Collective members pre-judgment and post-judgment interest as applicable;

(q) Awarding Plaintiff Ventura and the FLSA Collective members the expenses incurred in this action, including costs and attorneys' fees;

(r) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgement shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Ventura demands a trial by jury on all issues triable by a jury.

## DESIGNATION OF TRIAL COUNSEL

Michael K. Chong, Esq. is hereby designated as trial counsel for Plaintiff.

Date:   January 7, 2020

Law Offices of Michael Chong, LLC

s/Michael K. Chong
Michael K. Chong, Esq.
*Attorney for Plaintiff*

2 Executive Drive, Ste. 240
Fort Lee, NJ 07024
Ph#: (201) 947-5200
Fx#: (201) 708-6676

300 Hudson Street, Ste. 10
Hoboken, NJ 07030
Ph#: (201) 708-6675
Fx#: (201) 708-6676

1250 Broadway, 36th Fl., Ste. 300
New York, NY 10001
Ph#: (212) 726-1104
Fx#: (212) 726-3104
MKC@mkclawgroup.com

# NOTICE OF INTENTION TO ENFORCE SHAREHOLDER LIABILITY FOR SERVICES RENDERED

TO:   JOHN GERSOVLIS

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that JOEL VENTURA and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of

PUTNAM GARDENS PARKING CORP
d\b\a Putnam Gardens Parking
3815 Putnam Avenue
Bronx, NY 10462

for all debts, wages, and/or salaries due and owing to them as laborers, servants and/or employees of the said corporations for services performed by them for the said corporations within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: January 7, 2020

*LAW OFFICES OF MICHAEL K. CHONG, LLC*
*ATTORNEY FOR PLAINTIFF*

 s/ Michael K. Chong
Michael K. Chong
2 Executive Drive
Suite 240
Fort Lee, NJ 07024
Tel. (201) 947-5200
mkchong@mkclawgroup.com

## DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW

TO: PUTNAM GARDENS PARKING CORP. d\b\a Putnam Gardens Parking

3815 Putnam Avenue

Bronx, NY 10462

  PLEASE TAKE NOTICE, that JOEL VENTURA and others similarly situated as employees of the above corporations who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, payment of debts, wages and/or salaries due and owing to them as laborers, servants and/or employees of the above corporations for services performed by them for the above corporations within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporations, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

  HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporations and to make extracts therefrom on or after five (5) days from receipt of this notice.

              LAW OFFICES OF MICHAEL K. CHONG, LLC
              ATTORNEY FOR PLAINTIFF

              <u>s/Michael K. Chong</u>
              Michael K. Chong
              2 Executive Drive
              Suite 240
              Fort Lee, NJ 07024
              Tel. (201) 947-5200
              mkchong@mkclawgroup.com

Date: January 7, 2020

## **NOTICE OF LIEN AND ASSIGNMENT**

Please be advised that we claim a lien upon any recovery herein for such amount as a court awards as attorney's fees.  All rights relating to attorney's fees have been assigned to counsel.

```
                                    LAW OFFICES OF MICHAEL K. CHONG, LLC
                                    ATTORNEY FOR PLAINTIFF


Date: January 7, 2020               s/Michael K. Chong
                                      Michael K. Chong
                                      2 Executive Drive
                                      Suite 240
                                      Fort Lee, NJ 07024
                                      Tel. (201) 947-5200
                                       mkchong@mkclawgroup.com
```

## DOCUMENT PRESERVATION DEMAND

      Plaintiff(s) hereby demand(s) that Defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff(s), the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff(s), and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If Defendants are aware of any third party that has possession, custody, or control of any such materials, Plaintiff(s) demand(s) that Defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendants.

                                                                       LAW OFFICES OF MICHAEL K. CHONG, LLC
                                                                       ATTORNEY FOR PLAINTIFF

Date: January 7, 2020                     s/Michael K. Chong
                                                         Michael K. Chong
                                                         2 Executive Drive
                                                         Suite 240
                                                         Fort Lee, NJ 07024
                                                         Tel. (201) 947-5200
                                                         mkchong@mkclawgroup.com