

**WWW.MKCLAWGROUP.COM**
LAW OFFICES OF MICHAEL K. CHONG, LLC

| NEW YORK: | FORT LEE: | HOBOKEN: |
|---|---|---|
| 1250 BROADWAY, 36TH FL. STE. 300 | 2 EXECUTIVE DRIVE, STE. 240 | 300 HUDSON STREET. STE. 10 |
| NEW YORK, NEW YORK 10001 | FORT LEE, NEW JERSEY 07024 | HOBOKEN, NEW JERSEY 07024 |
| (212) 726-1104 | (201) 947-5200 | (201) 708-6675 |
| FAX (212) 726-3104 | FAX (201) 708-6676 | FAX (201) 708-6676 |

*Please Reply to: FORT LEE*

EMAIL: MKC@MKCLAWGROUP.COM

April 12, 2021

> Plaintiff may have until 5/10/21 to serve and file his Proposed Findings of Fact and Conclusions of Law, and defendant Putnam Gardens Parking Corp. may have until 6/9/21 to file a response. Together with his Proposed Findings, Plaintiff is directed to serve defendant with a copy of this Order, as well as a copy of the Court's prior 2/8/21 Scheduling Order.
>
> **SO ORDERED**       Dated: 4/12/2021
>
> *[signature]*
> DEBRA FREEMAN
> United States Magistrate Judge

Honorable Debra Freeman, U.S.M.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re: Ventura v. Putnam Gardens Parkin Corp. et. al.

Dear Judge Freeman:

    This office represents Plaintiff in the above captioned matter. Default Judgment has been entered against Defendant Putnam Gardens Parking Corp. Judge Koetl referred this matter to Your Honor for an inquest on damages.

    Your Honor entered a Scheduling Order requiring submissions for the inquest on damages by March 10, 2021. A copy of the Scheduling Order is attached. Through inadvertence, the due date for the submissions was not calendared. I only discovered today that the due date for the submissions had not been calendared while conducting a periodic review of the docket sheets for all of my cases.

    Based on the above, I respectfully request an extension until **May 10, 2021** to make the required submissions.

    Thank you for your consideration of my request.

                  Respectfully submitted,

                   <u>s/Michael K. Chong</u>

                   Michael K. Chong

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------
JOEL VENTURA,

                        Plaintiff,

    -against-

PUTNAM GARDENS PARKING CORP.,

                       Defendant.
---------------------------------------------------------------

20cv00119 (JGK) (DF)

**SCHEDULING ORDER
FOR A DAMAGES INQUEST**

**DEBRA FREEMAN, United States Magistrate Judge:**

      On February 1, 2021, after finding that plaintiff Joel Ventura ("Plaintiff") was entitled to a default judgment against defendant Putnam Gardens Parking Corp. ("Defendant") (Dkt. 33), the Honorable John G. Koeltl., U.S.D.J., referred this wage-and-hour case to this Court for the purpose of conducting a damages inquest (Dkt. 34).  In this regard, this Court notes that, in connection with his underlying motion for a default judgment, Plaintiff submitted an unsigned declaration setting out the hours he worked for Defendant and the wages he was paid (*see* Dkt. 26-1), and, in addition, Plaintiff's counsel submitted both damages calculations (*see* Dkt. 27; 27-4) and an attorney declaration regarding the attorneys' fees and costs that had been incurred in the case (*see* Dkt. 27-5).  Defendant has not responded, to date, to any of these submissions.  Accordingly, it is hereby ORDERED that:

      1.    Plaintiff shall file Proposed Findings of Fact and Conclusions of Law ("Proposed Findings") with respect to damages, and serve them on Defendant, no later than March 10, 2021. Plaintiff shall include, with such service, a copy of this Order.

      2.    Plaintiff's Proposed Findings should specifically tie the proposed damages figure(s) to the legal claim(s) on which liability has now been established against Defendant; should demonstrate how Plaintiff has arrived at the proposed damages figure(s); and should be

supported by a sworn affidavit, or a declaration under penalty of perjury, that attaches as exhibits and contains an explanation of any documentary evidence that helps establish the proposed damages.

       3.       Further, to the extent that Plaintiff seeks attorneys' fees and litigation costs, Plaintiff's submissions should:

       a.       provide copies of his attorneys' contemporaneous time records, so that this Court may assess whether the requested fees are reasonable, *see New York Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983);

       b.       address the reasonableness of the hourly rates of the attorneys working on the matter and their support staff, *see Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008); and

       c.       provide copies of invoices or other documentation substantiating the amount of costs that have been incurred.

       4.       To the extent such information – regarding both the proposed damages and the requested attorneys' fees and costs – has already been submitted by Plaintiff (*see* Dkts. 26 and 27, as referenced above), Plaintiff may, if he wishes, rely on his earlier submissions, but he should then attach duplicate copies as exhibits to his Proposed Findings.  Further, unlike the affidavit of Plaintiff that was previously been submitted (Dkt. 26-1), any affidavit or declaration by Plaintiff should be executed, although it may be signed electronically or sworn by remote means.

       5.       Defendant shall submit a response, if any, to Plaintiff's Proposed Findings no later than April 9, 2021.  Defendant is cautioned that, as a corporate entity, it may not appear in this Court without an attorney, and therefore any response that it seeks to file, including any

request for a hearing on damages, *must be made through counsel* for that response to be considered by the Court.

5. IF DEFENDANT FAILS TO RESPOND TO PLAINTIFF'S SUBMISSIONS BY APRIL 9, 2021, THEN THIS COURT WILL PROCEED TO ISSUE A REPORT AND RECOMMENDATION CONCERNING DAMAGES ON THE BASIS OF PLAINTIFF'S WRITTEN SUBMISSION ALONE. FURTHER, THIS COURT WILL NOT HOLD A HEARING ON DAMAGES, UNLESS DEFENDANT REQUESTS A HEARING, IN WRITING, BY APRIL 9, 2021. *See Action S.A. v. Marc Rich & Co.,* 951 F.2d 504, 508 (2d Cir. 1991) (Fed. R. Civ. P. 55(b)(2) "allows but does not require . . . a hearing"); *Fustok v. ContiCommodity Servs. Inc.*, 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.").

Dated: New York, New York
       February 8, 2021

SO ORDERED

_____
DEBRA FREEMAN
United States District Judge

Copies to:

Plaintiff's counsel (via ECF)